UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHATEEK ANDREWS,

                  Movant,

-against-

UNITED STATES OF AMERICA,

                  Respondent.

23-CV-1412 (LAP)

04-CR-1232-1 (LAP)

TRANSFER ORDER

Loretta A. Preska, United States District Judge:

    Movant, currently incarcerated at the Federal Medical Center in Rochester, Minnesota, brings this *pro se* motion under 28 U.S.C. § 2255, seeking to challenge his judgment of conviction entered in *United States v. Andrews*, ECF 1:04-CR-1232-1, 47 (S.D.N.Y. August 31, 2006). For the reason set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

    Court records show that Movant filed a previous motion for relief under Section 2255 challenging the same judgment of conviction. *See Andrews v. United States*, ECF 1:04-CR-1232-1, 80 (S.D.N.Y. Apr. 8, 2020).[1] Because Movant's previous motion under Section 2255 was decided on the merits, this application is a second or successive motion. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

    Before a second or successive Section 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A).

---

[1] Movant was previously denied leave to file a second or successive Section 2255 motion. *See Andrews v. United States*, No. 16-2070 (2d Cir. July 18, 2017).

Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2]

## CONCLUSION

In the interest of justice, the Court transfers this motion under Section 2255 to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Court of Appeals authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 22, 2023
New York, New York

_____
LORETTA A. PRESKA
United States District Judge

---

[2] Movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).